[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: REQUEST FOR LEAVE TO AMEND
On April 18, 1991, the plaintiff, Julie Poliquin, filed a complaint in which she alleged that on or about June 18, 1989, she was a passenger in a motor vehicle driven by Mark Marchetti, a defendant. In count one, the plaintiff alleges that William Stax, while driving another car, attempted to make a left turn, causing him to drive directly into the path of Mr. Marchetti's vehicle resulting in a collision. The plaintiff alleges that this action constituted negligence and carelessness on the part of defendant Stax, and resulted in the plaintiff being hurled violently about Marchetti's vehicle, causing her to sustain serious and severe injuries. The plaintiff asserts that, as a result of these injuries, she has incurred medical expenses and has been forced to refrain from her usual employment.
Count two of the complaint is directed against defendant Marchetti. The plaintiff alleges that Mr. Marchetti was negligent or careless in that he travelled at an unreasonable speed, failed to keep a proper lookout for other vehicles, and failed to timely apply his brakes, sound his horn properly manipulate and reasonably control his vehicle. The plaintiff asserts that this negligence and carelessness directly and proximately caused the injuries complained of in count one.
On June 7, 1991, the defendant Marchetti filed an answer to count two of the complaint in which he denied the allegations or left the plaintiff to her proof. On July 31, 1991, the defendant Stax filed an answer to count one of the complaint in which he denied most of the allegations or left the plaintiff to her proof. Mr. Stax also filed a cross-claim against defendant Marchetti in which he asserted that, if defendant Stax is deemed responsible for the plaintiff's injuries, he may be entitled to contribution from defendant Marchetti pursuant to General Statutes 52-572h.
On August 26, 1991, Marchetti moved to strike Stax's cross-claim stating that there is no right to contribution among alleged tortfeasors under General Statutes 52-572h. Mr. Marchetti, pursuant to Practice Book 155, filed a supporting memorandum. Thereafter, on September 3, 1991, defendant Stax filed a request for leave to amend its cross-claim, and attached the proposed amended cross-claim thereto. Defendant Marchetti, on September 13, 1991, filed an objection to the request for leave to amend and attached thereto a memorandum in support of its opposition.
Defendant Stax's request for leave to amend is made pursuant to Practice Book 176. That section states, in pertinent part, that ". . . a party may amend his pleadings or other parts of the record or proceedings at any time subsequent to [the thirtieth day following the return day] . . . in the following manner . . . (c) By filing a request for leave to file such amendment, with the amendment appended. . . ." CT Page 9094
The trial court "is vested with broad discretion to allow a party to amend his pleadings at any time before, during or after trial." Asherman v. State, 202 Conn. 429, 438, 521 A.2d 518 (1987) (citing to Practice Book 176.) Indeed, "[t]he court may restrain such amendments so far as may be necessary to compel the parties to join issue in a reasonable time for trial." Practice Book 176.
Defendant Marchetti objects to the request for leave to amend on the ground that defendant Stax's proposed amended cross-complaint does not state a cause of action. However, such an argument challenges the legal sufficiency of the pleading and, consequently, is more appropriately raised in a motion to strike. Furthermore, granting the request for leave to amend would not result in substantial delay in proceeding to trial. Therefore, the defendant Marchetti's objection to the request for leave to amend the cross complaint is overruled.
PICKETT, JUDGE